992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
James Henry SALTZMAN, Defendant-Appellee.
 No. 92-5389.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1993.
 
 Before NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The United States has appealed the order of the district court, suppressing evidence seized after a helicopter overflight of defendant's property. For reasons stated herein, we affirm the order of the district court.
 
 
 2
 * In 1989, as part of the Governor's Task Force on Marijuana Eradication, Tennessee Highway Patrol helicopter pilot Mike Dover was flying over the premises of the defendant in Cocke County, Tennessee, when he spotted marijuana thereon. This was reported to other officers, who went to the residence, told defendant's commonlaw wife, Katherine Thiebault, that they had seen marijuana on the premises, and asked to search. Thiebault called the defendant, who eventually signed a consent to search. Afterwards, a search of the premises turned up marijuana growing outside and in the basement of the defendant's home.
 
 
 3
 A hearing was held before the magistrate judge on the defendant's motion to suppress the evidence seized in violation of his Fourth Amendment rights. The district judge adopted the magistrate judge's proposed findings that there had been no illegal search or seizure and denied the motion to suppress. The defendant eventually pleaded guilty, reserving his right to appeal. On appeal, this court remanded the case for a further hearing on the motion to suppress, noting that the magistrate judge's analysis was limited to the voluntariness of the consent. This court held that the magistrate judge did not properly analyze the constitutional ramifications of the helicopter surveillance in light of Florida v. Riley, 488 U.S. 445 (1989); and California v. Ciraolo, 476 U.S. 207 (1986). Therefore, this court directed that the magistrate judge should have assessed defendant's reasonable expectation of privacy, which would include how readily observable the marijuana was from above; what precautions defendant took to protect his property from aerial inspection; and the frequency of helicopter flights in the area. It also directed the magistrate judge to consider the testimony regarding the height of, and disturbance caused by the helicopter during the initial inspection of the property. United States v. Saltzman, No. 90-6031, 1991 U.S.App. LEXIS 10777 (6th Cir. May 13, 1991) (per curiam).
 
 
 4
 On remand, the magistrate judge conducted another hearing and considered evidence taken on the two previous hearings before the appeal and the third hearing held subsequent to the appeal. He found: 1) the marijuana was readily observable from the helicopter at an altitude of 1500 to 2000 feet but the helicopter descended to an altitude of 700 to 800 feet for the officers to look for booby traps, fleeing persons, or other potential hazards on the ground; 2) the defendant took few, if any, precautions to protect the property from aerial surveillance; and 3) overflight of the rural areas of Cocke County, Tennessee, by helicopters is a relatively common occurrence, because Tennessee state agencies spend several weeks each year in the county looking for marijuana by aerial surveillance.
 
 
 5
 Most of these findings depended upon credibility determinations by the magistrate judge, as they were based upon the testimony of police officers, such as Dover, who said that the flight of the helicopter was always 700 feet or higher in altitude, whereas witnesses for the defendant testified that the helicopter came down as low as 75 to 125 feet high off ground level.
 
 
 6
 After the magistrate judge filed his report and recommendation that the motion to suppress be denied, objections were filed by the defendant. Subsequently, the district court considered the findings de novo and found that the helicopter was flying over the defendant's property at a height of no more than 125 to 150 feet. Thus, it set aside the credibility determinations by the magistrate judge and found in favor of the witnesses for the defendant. In doing so, he found that the flight was violative of the Fourth Amendment rights of the defendant and that the taint from that conduct precluded a valid consensual search of the premises later.
 
 II
 
 7
 Ordinarily, this court will accept the factual determinations of the district court on a motion to suppress unless they are clearly erroneous. United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990), cert. denied, 111 S.Ct. 2055 (1991). The first issue to be decided is whether we should accord the same deference to the trial court's findings when it did not see or observe the witnesses testifying.
 
 
 8
 In this particular case, the magistrate judge had the opportunity to determine the credibility of the witnesses who testified in hearings before him. However, under 28 U.S.C. § 636(b)(1), the judge of the district court shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Thus, the district court is required to make a de novo determination of those parts of the findings which are disputed by the defendant, and that procedure was used in this case. The prosecution suggests that if the district judge disregards the credibility findings of the magistrate judge, he must then hear the testimony himself. Language implying that is found in United States v. Raddatz, 447 U.S. 667, 681 n. 7 (1980):
 
 
 9
 [W]e assume it is unlikely that a district judge would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions which we do not reach.
 
 
 10
 However, trial courts often determine credibility from depositions, so we do not find that it was required that the trial court in this instance needed to look at these witnesses in order to disregard the findings of credibility by the magistrate judge.
 
 
 11
 Therefore, we do not find any error in the procedure used by the district court in setting aside the credibility determinations of the magistrate judge and making its own findings based upon the evidence. Thus, we continue to review on a clearly erroneous standard all findings of fact.
 
 III
 
 12
 The district court based its primary determination that a Fourth Amendment violation had occurred upon the finding that the overflight was conducted at an altitude of no more than 125 to 150 feet. It did not explicitly find that there was a reasonable expectation of privacy. Nevertheless, its finding that the flight violated the defendant's Fourth Amendment rights implicitly holds that there was a reasonable expectation of privacy. To do so, the court had to accept the testimony of the defendant that he had hidden or tied down his plants to protect them from aerial inspection and that the flight of the helicopter disturbed the defendant's family and the neighbors, as they so testified. If, in fact, the officers were flying at an altitude of 125 to 150 feet, their disturbance of the home would interfere with the defendant's normal use of his premises. Without the initial illegal flight, the officers would not have gone to the home to ask for a consent to search. Therefore, the second search was a "fruit of the poisonous tree," and the consent to the search did not attenuate the taint. See Brown v. Illinois, 422 U.S. 590, 598-99 (1975); Wong Sun v. United States, 371 U.S. 471, 486 (1963).
 
 
 13
 Therefore, as the district court's findings of fact were not clearly erroneous, and it committed no error of law, the order suppressing the evidence in this case is AFFIRMED.
 
 
 14
 DAVID A. NELSON, Circuit Judge, concurring.
 
 
 15
 I am inclined to think that it may be appropriate for appellate courts to temper the "clearly erroneous" standard of review somewhat where a district judge's findings are based on testimony heard by a magistrate judge, and where the credibility determinations of the magistrate judge are in conflict with those of the district judge. I believe that the district judge reached the correct result in his de novo review of the findings made by the magistrate judge in the case at bar, however, and it seems to me that under whatever standard of review is controlling here the judgment of the district court ought to be affirmed.